UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT S. FISCHER,<br><br>    Defendant. | Case No. 21-cv-05928-JSW<br><br>**ORDER DISMISSING UNRUH ACT CLAIM AND SETTING EVIDENTIARY HEARING**<br><br>Re: Dkt. No. 33 |

Plaintiff Scott Johnson ("Plaintiff") sued Defendant Robert S. Fischer for failure to provide wheelchair accessible outside dining surfaces at Palo Alto Creamery in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). On September 23, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of Article III standing and why the Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim. (Dkt. No. 33, Order to Show Cause ("OSC").) Plaintiff responded with a brief and a declaration to substantiate his experience and intent to return. Defendant submitted a response to Plaintiff's brief.

**A.    Supplemental Jurisdiction**

Federal courts may decline to exercise supplemental jurisdiction over a state law claim in "exceptional circumstances." 28 U.S.C. § 1367(c)(4). The Ninth Circuit has held that when a high-frequency litigant asserts an Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211-14 (9th Cir. 2021). If a court finds that such circumstances exist, it must show that the balance of comity, fairness, judicial economy, and convenience provide "compelling reasons for declining jurisdiction" in each case. *Vo v. Choi*, 49 F.4th 1167, 1169 (9th

1  Cir. 2022) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

2        The Court concludes that this case presents an exceptional circumstance under 28 U.S.C.
3  section 1367(c)(4) ("Section 1367(c)(4)") similar to that in *Arroyo*.  Plaintiff is a high frequency
4  litigant asserting an Unruh Act claim in federal court with an ADA claim.  (Dkt. 35-1, Declaration
5  of Scott Johnson ¶¶ 10-12.)  This is sufficient to constitute exceptional circumstances under
6  *Arroyo*.  *See Vo*, 49 F.4th at 1171.

7        Plaintiff contends that *Arroyo* does not apply here because General Order 56, which
8  governs ADA cases in this District, puts procedural protections in place that are akin to those of
9  California's high-frequency litigant statute.  The Court disagrees.  Other courts in this district have
10 rejected this exact argument, finding that General Order 56 "is not designed to…address the
11 particular concerns that motivated the California legislature to adopt heightened pleading
12 standards for 'high-frequency litigants.'"  *Johnson v. Constantia Cap. Ltd.*, No. 22-cv-01456-RS,
13 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022) (citing *Garcia v. Maciel*, No. 21-cv-03743-
14 JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022)).  For this reason, the same comity concerns
15 that were present in *Arroyo* and in *Vo* exist here and constitute an exceptional circumstance for
16 declining supplemental jurisdiction under Section 1367(c)(4).

17       Next, the Court next considers the *Gibbs* values of judicial economy, convenience, fairness
18 to litigants, and comity to determine whether there are compelling reasons for declining
19 supplemental jurisdiction in this case.  *Vo*, 49 F.4th at 1171.  Here, the *Gibbs* factors favor
20 declining supplemental jurisdiction over Plaintiff's Unruh Act claim.  Judicial economy favors
21 declining supplemental jurisdiction because, unlike in *Arroyo*, the Court has not ruled on the
22 merits of Plaintiff's ADA claim.  *See* 19 F. 4th at 1214 (district court abused its discretion in
23 declining supplemental jurisdiction over Unruh Act claim when it had already ruled on the ADA
24 claim on summary judgment).  It would not be unfair to Plaintiff to decline jurisdiction as he can
25 pursue the same remedies in state court.  Additionally, to the extent Plaintiff is inconvenienced by
26 the decision to decline supplemental jurisdiction, the inconvenience is in large part due to
27 Plaintiff's choice to file this action in federal court rather than state court, where he would have
28 been able to pursue all his requested relief in one suit.  Further, the strong comity interests at play

here outweigh considerations of inconvenience or fairness that might be impacted by declining supplemental jurisdiction.

The Court finds that exceptional circumstances exist that justify declining supplemental jurisdiction over Plaintiff's Unruh Act claim. The Court DISMISSES the Unruh Act claim without prejudice to refiling in state court.

**B.     Article III Standing**

The Court also ordered Plaintiff and Plaintiff's counsel to show cause why the Court should not dismiss the case for lack of Article III standing. The Court required Plaintiff and Plaintiff's counsel to submit separate declarations that substantiate the jurisdictional allegations, including allegations regarding Plaintiff's initial visit to the establishment, Plaintiff's intent to return to the establishment, and counsel's pre-filing investigation on the jurisdictional allegations.

To have Article III standing, a plaintiff must demonstrate (1) that they have suffered an injury in fact, (2) that their injury is fairly traceable to a defendant's conduct, and (3) that their injury would likely be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). In the ADA context, "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes." *Chapman v. Pier I Imps. (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011). A plaintiff who seeks injunctive relief must also establish "either that [they are] deterred from returning to the facility or that [they] intend [] to return to the facility and [are] therefore likely to suffer repeated injury." *See id.* at 953. A plaintiff cannot establish Article III standing if they are "indifferent to returning" or if their "intent to return is not genuine." *See id.*

Although Plaintiff and his counsel have submitted declarations as required by the Court's OSC, the declarations are insufficient to resolve the Court's questions about the jurisdictional claims. Plaintiff's declaration largely repeats the complaint's sparse allegations about Plaintiff's initial visit to the establishment and contains vague and conclusory allegations about his intent to return. Plaintiff's counsel has submitted a boilerplate declaration that offers no meaningful facts about his pre-filing investigation into this specific matter. Thus, consistent with the Court's independent obligation to determine whether subject matter jurisdiction exists, the Court

concludes that an evidentiary hearing regarding subject matter jurisdiction is appropriate.

The parties shall complete limited jurisdictional discovery consisting of Plaintiff's deposition and the deposition of Defendant prior to the hearing. The depositions shall each be limited to four hours and may be conducted remotely.

## CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction and DISMISSES Plaintiff's Unruh Act claim without prejudice to refiling in state court. The Court SETS an evidentiary hearing on January 20, 2023, at 9:00 a.m. to resolve the issue of Plaintiff's Article III standing to pursue his ADA claim.

**IT IS SO ORDERED.**

Dated: November 16, 2022

JEFFREY S. WHITE
United States District Judge